IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,821-04






EX PARTE VENICES ALVIN HAWKINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 43002-D IN THE 27TH DISTRICT COURT


FROM BELL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
cocaine and sentenced to eleven (11) years' imprisonment. On May 24, 2006, this Court dismissed
this application as moot. Upon further review, this Court has determined that the issue raised is not
moot. Thus, this application for writ of habeas corpus is hereby reconsidered. 

 Applicant contends that he received credit for time spent on parole but that his discharge date
was not appropriately amended to reflect that he received the credit. Specifically, he alleges that his
sentence should have been discharged on June 22, 2006. If applicant's allegations are true, he could
be entitled to relief. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may order the Texas Board of Pardons and Paroles and /or the Texas Department of Criminal 
Justice, Institutional Division to file an affidavit listing Applicant's sentence begin date, the dates
of issuance of any parole-revocation warrants leading to the revocation of such parole or mandatory
supervision. The affidavit should state whether Applicant is serving a sentence for, or has previously
been convicted of, an offense which was listed in Tex. Gov't Code § 508.149(a) at the time of
Applicant's revocation. The affidavit should also address how much time was remaining on this
sentence on the date that Applicant was released on parole, and how much time Applicant spent on
release before the issuance of the parole-revocation warrant. The affidavit should state whether or
not Applicant is receiving credit for any of the time spent on parole. The affidavit should indicate
whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and
if so, the date when the claim was submitted. Finally, the affidavit should state the date this sentence
will be or was discharged. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant's sentence should have
been discharged on June 22, 2006. The trial court shall also make findings of fact as to whether the
Texas Board of Pardons and Paroles and the Texas Department of Criminal Justice, Institutional
Division have the correct sentence discharge date listed in their records. The trial court shall also
make findings of fact as to whether Applicant's parole was revoked after his sentence should have
been discharged. The trial court shall also make finding of fact as to whether Applicant is receiving
the proper amount of street time credit. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 45 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 28, 2007

Do not publish